UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOATAZ M A FROUKH,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.: 26-cv-350-RSH-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 20, 2026, petitioner Moataz M A Froukh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner is currently detained at Otay Mesa Detention Center in San Diego, California. *Id.* ¶ 25. Petitioner alleges that after being released on an order of supervision on or about February 23, 2024 pending removal proceedings, he was arrested on January 5, 2026; and that this arrest constituted an unlawful revocation of the prior order of supervision. *Id.* ¶¶ 1, 5. Petitioner seeks an order directing his immediate release. *Id.* at 12.

The same day the Petition was entered on the docket, the Court issued an order setting a briefing schedule. ECF No. 2. The Court's order in this case specifically provided, "Respondents' return should address the legal basis, within applicable federal statutes and

regulations, for revoking Petitioner's release." *Id.* at 2.

On February 2, 2026, Respondents filed a return. ECF No. 4. Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.* at 2. However, Respondents do not address the claims advanced or the relief sought in the Petition; and do not, as directed by the Court, address the legal basis for revoking Petitioner's release. The Court construes this response as an implicit concession that the revocation of Petitioner's release was unlawful.

Accordingly, the Petition is **GRANTED**. Respondents are directed to release Petitioner immediately, subject to the terms governing Petitioner's previous order of release or such other supervisory terms as may be warranted in connection with an order of release on recognizance. The Court declines to issue further injunctive relief at this time. To the extent Petitioner seeks to recover fees, he must make a noticed motion in the manner prescribed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the undersigned's chambers rules.

The Court **VACATES** the hearing date set for February 12, 2026.

The Clerk of Court is directed to enter judgment for Petitioner.

**IT IS SO ORDERED**.

Dated: February 3, 2026

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge